Filed 3/27/23  P. v. Gonzales CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079799 |
| v. | (Super.Ct.No. FVA09485) |
| RICHARD RAUL GONZALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Richard Raul Gonzales, in pro. per., and Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Richard Raul Gonzales, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*),[2] setting forth a statement of the case and identifying one potentially arguable issue: whether the court prejudicially erred in denying defendant's petition without issuing an OSC and holding an evidentiary hearing.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[3] Defendant requests we conduct an independent review of the matter. Specifically, defendant avers (1) due process violations involving ineffective assistance of counsel for failing to communicate with him, (2) the purported improper use of this court's opinion from defendant's appeal of the judgment, and (3) error in not holding an evidentiary hearing on his petition. We affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *Delgadillo*, the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-226.)

[3] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

# I. FACTUAL AND PROCEDURAL BACKGROUND[4]

"On January 16, 1998, defendant and other Prophecy[5] members Ricardo Gomez and David Pineda retrieved guns from defendant's house. Gomez took a '.22-millimeter nine-shot' revolver, Pineda took a '.45-millimeter' [semiautomatic,] and defendant took a '.380-[caliber] [semi]automatic.'" (*Gonzales*, *supra*, E025273.)

After a fight at a party, defendant borrowed Gomez's .22-caliber revolver and ran down the street. "Witnesses saw a Hispanic male, about 17 years old, matching defendant's description and wearing a 'Prophecy' baseball cap, shoot the victim," who died. (*Gonzales*, *supra*, E025273.)

On May 14, 1999, a jury convicted defendant of first degree murder (Pen. Code, § 187, subd. (a)) and found true the allegation that he personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)). The trial court sentenced defendant to 25 years to life on the murder charge and 25 years to life on the personal use of a firearm enhancement, to run consecutively. (*Gonzales*, *supra*, E025273.)

Defendant appealed. This court affirmed the judgment. (*Gonzales*, *supra*, E025273.)

---

[4] We take judicial notice of our prior nonpublished opinion from defendant's appeal from the original judgment (*People v. Gonzales* (Aug. 7, 2000, E025273) [nonpub. opn.] (*Gonzales*)), which the People attached to and relied upon in their opposition to defendant's petition below. We take our factual recitation from *Gonzales*.

[5] Prophecy was a "party crew," to which defendant belonged; its members "attend parties advertised on fliers, distributed through a high school. Although party crews claim not to be gangs, they may not get along with rival party crews. These rivalries sometimes result in violence." (*Gonzales*, *supra*, E025273.)

On May 31, 2022, defendant filed a petition for resentencing under former section 1170.95. The superior court appointed counsel for defendant.

On July 26, 2022, the People filed an opposition to defendant's petition. The People asserted defendant had failed to make a prima facie case because the jury had not been instructed with felony murder, murder under the natural and probable consequences doctrine, or any other theory under which malice could be imputed to defendant based upon his participation in a crime. Moreover, the People maintained that as the actual killer, defendant was not entitled to relief as a matter of law. On August 25, 2022, defense counsel filed a brief in support of a prima facie finding.

At the hearing on the petition on September 15, 2022, the court stated it had read and considered defendant's petition, the People's opposition, and defendant's reply. The court indicated it had reviewed the verdict and jury forms. "[T]he jury was instructed only on the issue of express malice murder; therefore, they did not consider the theory of the natural and probable consequences doctrine or any other theory under which malice is imputed to a person based solely on the person's participation in the crime. And, therefore, the defendant has not met his burden of a prima facie showing. And I am going to deny his petition."

## II. DISCUSSION

Defendant requests we conduct an independent review of the matter. Specifically, defendant avers (1) due process violations involving ineffective assistance of counsel for failing to communicate with him, (2) the purported improper use of this court's opinion

from defendant's appeal of the judgment, and (3) error in not holding an evidentiary hearing on his petition. We affirm.

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Here, a review of the jury instructions and verdicts conclusively demonstrates that the jury convicted defendant of express malice murder, i.e., as the actual, intentional killer of the victim.[6] Because defendant was per se ineligible for relief, defendant did not, and could not, make the prima facie showing that is a prerequisite to the issuance of an order to show cause and the holding of an evidentiary hearing. Moreover, for the same reason, any error by counsel could not be prejudicial for the purpose of finding that counsel rendered *prejudicial* ineffective assistance of counsel. Furthermore, courts are

---

[6] Defendant made statements admitting that he had shot the victim. At trial, he requested instructions on self-defense, which the court denied. This court affirmed the court's refusal to give self-defense instructions. (*Gonzales*, *supra*, E025273.)

5

not barred from relying on the *procedural* background of a court's prior opinion in determining defendant's eligibility for relief; rather, they are barred only from relying on an opinion's *factual* recitation. (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988.) Finally, the court below indicated it was relying on the jury instructions and verdicts in denying the petition, not this court's opinion. Thus, the court properly denied defendant's petition for failure to make a prima facie showing for relief.

## III. DISPOSITION

The court's order dismissing the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

RAPHAEL
J.